## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WIESLAW WYKOWSKI,<br><br>                    **Plaintiff,**<br><br>v.<br><br>JENNY BERSE, ESQ. AND HON.<br>MAUREEN SOGLUIZZO,<br><br>                    **Defendants.** | Civ. No. 13-cv-7851 (KM)<br><br>**OPINION** |

### KEVIN MCNULTY, U.S.D.J.:

Plaintiff Wieslaw Wykowksi, appearing *pro se,* brought this action following a palimony and child support proceeding in the Family Division of the Superior Court of New Jersey. Defendant Maureen Sogluizzo ("Judge Sogluizzo") is the judge who presided over that proceeding. Defendant Jenny Berse is the attorney who represented Wykowski's former partner. Wykowski alleges that certain of the orders entered by Judge Sogluizzo were erroneous and that both defendants violated his due process rights. Now before the Court are the defendants' motions to dismiss the Complaint. For the reasons set forth below, the motions are granted and the Complaint will be dismissed.

## I.   BACKGROUND

Wykowski's former partner, Grazyna Kozikowska, commenced a palimony and child support proceeding against him in the Family Division of the Superior Court of New Jersey (the "state court action"). The matter was tried over the course of eight days in front of Judge Sogluizzo. (Dkt. No. 15-2, at 197) On June 30, 2010, Judge Sogluizzo entered an order and judgment requiring Wykowski, *inter alia,* to pay a lump sum award of $640,633 to

Kozikowska and to make weekly payments to support their two children. (*Id.* at 197-98)

The order permitted Wykowski to offset the lump sum award by transferring certain real property to Kozikowska. (*Id.* at 198) The real property in question was an apartment building in Bayonne, New Jersey, that had an appraised value of $450,000. Wykowski owned and resided in the building; he also managed the property as a landlord and collected rent from its tenants. The order provided that Defendant Berse, Kozikowska's attorney, would be appointed attorney-in-fact "for the specific purpose of signing the Deed, Affidavit of Consideration...and all other documents required to transfer title and ownership" of the property. (*Id.*) If Wykowski elected to transfer the property, the palimony award would be reduced to $190,633, which he was required to pay within 30 days of the order. (*Id.* at 199) Wykowski appears to have elected the transfer option, but he did not pay the balance of the lump sum award within the time specified by the court.

On October 26, 2010, Judge Sogluizzo entered an order revising the manner in which the June 30, 2010 judgment was to be executed. Wykowksi was ordered to immediately post a $190,633 bond. Until that sum was paid in full, he was required to make monthly payments to Kozikowska in the amount of $2,200. (Dkt. No. 1, at 39) The order provided that Berse would hold the deed to the apartment building in escrow until the judgment was satisfied.

On February 7, 2011, Judge Sogluizzo entered another order requiring Wykowski to pay $26,373.60. (*Id.* at 32) This order is not included in the record; it is unclear how this sum relates to the payments specified in the two prior orders.

On February 22, 2011, Judge Sogluizzo entered a fourth order requiring Wykowski to vacate his apartment building. (*Id.* at 22) The order formally transferred ownership of the building to Kozikowska and instructed Wykowski

2

to inform the building's tenants that all rents should now be paid to her. (*Id.*) The order also required Wykowski to turn over to Berse the titles and keys to any automobiles that he owned. Berse was again "appointed attorney-in-fact to sign any and all Titles for the above cars so that plaintiff can sell said cars." (*Id.* at 23)

On February 26, 2011, Wykowksi was arrested for failing to make the $26,373.60 payment required by the February 7, 2011 order. (*Id.*) Wykowksi says that he paid this amount on September 10, 2011, but there is no supporting documentation to corroborate this assertion. (*Id.* at 14) He also alleges that the warrant for his arrest, which was signed by Judge Sogluizzo, contained several inaccuracies, including erroneous descriptions of his social security number, date of birth, and height. Wykowksi was imprisoned for one month before he was released. (*Id.* at 15). It is unclear from the record whether he ever made the $26,373.60 payment.

Wykowski alleges that while he was in prison, Berse forged his signature in order to transfer the deed to his apartment building to Kozikowska. (*Id.* at 17). He further alleges that although his apartment "was supposed to be sealed," all of his personal property was discarded by the time he returned. (*Id.* at 16). Wykowski also claims that his three automobiles were "taken" by Kozikowska. (*Id.*) All told, he estimates that his lost property was worth $85,200. (*Id.*)

Wykowski appealed the June 30, 2010 judgment to Appellate Division of the New Jersey Superior Court. While that appeal was pending, he filed a prior action in this Court that purported to "seek[] an appeal" of the state court judgment.[1] On May 29, 2012, Judge William J. Martini of this Court *sua sponte* dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for

---

[1]     Wykowski's prior complaint was assigned Civ. No. 2:12-cv-01964. The Order dismissing the complaint is at Dkt. No. 4.

failure to state a claim.[2] Judge Martini stated: "[Wykowski] has failed to allege any violation of federal law or provide any other grounds for this Court's subject jurisdiction. Further, it is black letter law that a federal district court cannot act as a court of appeal for a state court decision."

On September 26, 2012, the Appellate Division rejected Wykowski's appeal and affirmed the judgment.

On June 21, 2013, Judge Sogluizzo entered another order stating that Wykowski "continues to owe" the $190,633 amount stated in the prior orders. (*Id.* at 35)

On December 27, 2013, Wykowski commenced this action by filing a one-page complaint. The complaint does not specify a cause of action. Wykowski alleges that the defendants committed an "injustice" by failing to provide him with a Polish-speaking interpreter during the child support proceedings and by taking his property. Wykowski states that he has been left homeless following the dispossession of his apartment, personal property, and automobiles. He relates that he was arrested "with the wrong description and the wrong social security." He also contests the award of child support for children over 21 and the refusal to order a DNA test. The complaint states that Wykowski is "here appealing my case on the basis below."

On June 13, 2014, Judge Sogluizzo filed a motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 13). Berse joined in Judge Sogluizzo's motion on August 20, 2014. (Dkt. No. 23-1).

## II.   LEGAL STANDARDS

A potential ground for dismissal of certain claims is the *Rooker-Feldman* doctrine, which is jurisdictional. *See Taliaferro v. Darby Tp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006); *Saunders v. Philadelphia Dist. Attorney's Office*,

---

[2]      *See* Dkt. No. 4.

4

546 F.App'x 68, 71 (3d Cir. 2013). A challenge to jurisdiction may be brought under Fed. R. Civ. P. 12(b)(1), on either a factual or facial basis. *See* 2 Moore's *Federal Practice* § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa v. Ford Motor Co.,* 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering such a facial challenge assumes that the allegations in the complaint are true, and may dismiss the complaint only if it nevertheless appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Cardio–Med. Assoc., Ltd. v. Crozer–Chester Med. Ctr.,* 721 F.2d 68, 75 (3d Cir. 1983); *Iwanowa,* 67 F. Supp. 2d at 438.

Potential grounds for dismissal of certain of the Section 1983 claims include judicial immunity and lack of state action, matters that may be raised by a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[3] Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny,* 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*).

---

[3]     *Odd v. Malone,* 538 F.3d 202, 207 (3d Cir. 2008) (prosecutorial immunity); *Reardon v. New Jersey,* 2014 WL 2921030, at *2 (D.N.J. 2014) (Hillman, J.) (other absolute immunity grounds, including judicial immunity)(citing *Melo v. Hafer,* 13 F.3d 736, 744 (3d Cir.1994)); *Abulkhair v. Liberty Mut. Ins. Co.,* 441 F. App'x 927, 929 n.1 (3d Cir. 2011) ("We note that, in *Boyle v. Governor's Veterans Outreach & Assistance Ctr.,* 925 F.2d 71 (3d Cir.1991), we held that the section 1983 requirement of state action is not jurisdictional. *See id.* at 74. Rather, it is integral to the merits of the claim and dismissal is only appropriate under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *See id.*")

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

When the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[H]owever inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nevertheless, "[w]hile a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

## III.   ANALYSIS

The Complaint does not cite any federal statute or state any basis for federal jurisdiction. I will make the favorable assumption that the plaintiff seeks relief under 42 U.S.C. § 1983 for a deprivation of his constitutional rights. (Plaintiff indicates in his motion papers that this was his intent. (Dkt.

No. 15, at 2)) They must be dismissed, however, both on jurisdictional grounds and for failure to state a viable claim.

### A. *Rooker-Feldman*

The claims in Wykowski's complaint are ill-defined. Certain of them, however, seem to be directed at reversing the state court's judgment. The complaint states, for example, that Wykowski is "here appealing my [state] case on the basis below." To the extent Wykowski is making such a quasi-appellate argument, it faces an insurmountable jurisdictional bar.

Under the *Rooker-Feldman* doctrine, lower federal courts cannot entertain federal claims that were previously adjudicated in state court or are inextricably intertwined with a state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Guarino v. Larsen*, 11 F.3d 1151, 1156–57 (3d Cir.1993); *Port Auth. Police Benev. Ass'n v. Port Auth.*, 973 F.2d 169, 178 (3d Cir.1992). A federal claim is inextricably intertwined with a prior state court decision if "granting the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling." *FOCUS v. Allegheny County Court of Common Pleas.*, 75 F.3d 834, 839-40 (3d Cir. 1996). *Rooker-Feldman* thus operates to prevent a disgruntled party in state court litigation from collaterally attacking the results of that litigation in federal court under the guise of an alleged constitutional error. *See Exxon Mobil Corp. v. Saudi Basic Indus., Inc.*, 544 U.S. 280, 284 (2005) (noting that *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

Wykowski attempts to do precisely what *Rooker-Feldman* forbids. In his complaint, he states: "I have no resources to pay for a lawyer to re-appeal myh

case … so I am here appealing my case on the basis below." (Dkt. No. 1) He seeks, in effect, to have this Court reverse Judge Sogluizzo's judgment and orders. *Rooker-Feldman* squarely prohibits such a move. *See Valenti v. Mitchel*, 962 F.2d 288, 297 (3d Cir. 1992) (stating that injunctive relief that would effectively reverse a state a court decision is barred by *Rooker-Feldman*).

For this reason, certain of the claims asserted in Wykowski's Complaint must be dismissed on threshold *Rooker-Feldman* jurisdictional grounds.

### B. Judicial Immunity and the State Action Requirement

I will, however, make the plaintiff-friendly assumption that certain of these Section 1983 claims are not barred by *Rooker-Feldman*. Even so, they must be dismissed as against Judge Sogluizzo because she is absolutely immune from suit for official acts taken in her judicial capacity. And they must be dismissed as against Berse because she is not a state actor.

As a state court judge acting in her official capacity, Judge Sogluizzo enjoys absolute immunity for "judicial acts." *Stump v. Sparkman*, 435 U.S. 349, 360 (1978). A judicial act is a function normally performed by a judge, in a context where the parties naturally expected to be dealing with the judge in his or her judicial capacity. *Id.* at 362. Here, that test is obviously met; all of the judicial acts complained of were rulings for or against parties in a pending case. The judge is not deprived of immunity because a ruling is erroneous, or even in excess of the judge's authority. *Id.; see also Mireles v. Waco*, 502 U.S. 9, 12 (1991). There is no doubt that Judge Sogluizzo acted in her official capacity, performing "judicial acts." Wykowski's claims against Judge Sogliuzzo are dismissed on grounds of judicial immunity.[4]

---

[4]     Alternative grounds for dismissal might be sovereign immunity or the judge's lack of status as a "person" under Section 1983. *See also Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Antonelli v. New Jersey*, 310 F. Supp. 2d 700, 712 (D.N.J. 2004) (noting that "[s]overeign immunity is routinely extended to…state officials acting

The Section 1983 claims must also be dismissed against the attorney, Berse, because she is not a state actor. Under Section 1983, a plaintiff must show that when the defendant denied him a federally protected constitutional or statutory right, she acted under the color of state law. See *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982); *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1264 (3d Cir.1994). A private attorney such as Berse does not act under color of state law. *See Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.") Accordingly, Wykowski's Section 1983 claims are dismissed against Berse.

## IV. CONCLUSION

For the foregoing reasons, the defendants' motions to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) are **GRANTED**.

An appropriate order will issue.

Date: May 21, 2015

KEVIN MCNULTY, U.S.D.J.

---

in their official capacities where it is shown that the state is the real, substantial party in interest"), *aff'd* 419 F.3d 267 (3d Cir. 2005).